# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

THOMAS MCLAFFERTY,
    Plaintiff

        v.

BASF CORPORATION,
    Defendant

Case No. 1:13-cv-779
Spiegel, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Thomas P. McLafferty, proceeding pro se, brings this action against BASF Corporation alleging an improper denial of disability retirement benefits under an "agreement" based on an employee benefit plan established and maintained by his employer. This matter is before the Court on defendant BASF's motion to dismiss the complaint (Doc. 8), plaintiff's response in opposition to the motion (Doc. 14), defendant's reply and supplemental authority in support of its motion to dismiss (Docs. 15, 16), and plaintiff's response to defendant's submission of supplemental authority (Doc. 17). For the reasons that follow, the undersigned recommends that defendant's motion to dismiss be granted.

## I. Standard of review

When deciding a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Court must determine whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009). "[T]he allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally

construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Generally, the district court is not permitted to consider matters beyond the complaint in resolving a motion to dismiss. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). However, the court may consider exhibits attached to or referenced in the complaint, as well as documents included with a motion to dismiss if referenced in the complaint and central to the plaintiff's claims, without converting the motion to dismiss into one for summary judgment. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).

## II. Plaintiff's allegations

Plaintiff's complaint alleges the following facts, which the Court accepts as true for purposes of the motion to dismiss: Plaintiff is a former employee of Emery Industries, Inc. (Emery)[1] in Cincinnati, Ohio. Plaintiff became totally and permanently disabled in an automobile accident on October 28, 1982. Plaintiff was subsequently found disabled by the Social Security Administration as of the date of his accident. Plaintiff was verbally told by Emery's personnel director that he was not eligible for disability benefits from the company. Because plaintiff "was not injured while at work, [he] thought this was correct." (Doc. 3 at 6).[2]

Seventeen years later, in 1999, plaintiff "learned" he "indeed was eligible for total disability" benefits. *Id.* Plaintiff contacted the company and requested the relevant forms. By letter dated August 9, 1999, plaintiff was advised by Jeffrey Young, the company's benefits manager, that he was not eligible for benefits. (Doc. 3 at 6; Doc. 8, Ex. C). Plaintiff did not agree with the denial and contacted Mr. Young, who allegedly advised plaintiff that he would send plaintiff the necessary disability forms. Plaintiff never received these forms and for two

---

[1] Emery Industries was acquired by Henkel Corporation, which was later acquired by BASF Corporation, the defendant in this case.
[2] The page numbers for plaintiff's complaint (Doc. 3) reference the Court's electronic case filing page numbers.

2

years called Mr. Young without successfully reaching him. Plaintiff then received a letter dated December 13, 2001, from Sheila Buljeta, the company's retirement administrator, again advising plaintiff he was not eligible for benefits and to contact her if he had any questions. (Doc. 3 at 6-7; Doc. 8, Ex. D). Plaintiff attempted to contact Ms. Buljeta repeatedly, but was unsuccessful.

In 2008, plaintiff contacted the "Labor Relations" department, which advised him to request copies of his personnel file from the company. When plaintiff received this information, he discovered an inter-office memo from Mr. Young to Ms. Buljeta stating, "This gentleman [plaintiff] just will not go away" and that they should coordinate their responses to plaintiff's almost daily contacts. Ms. Buljeta told plaintiff on several occasions that she had sent the disability forms to plaintiff, but he never received them. Plaintiff alleges the company violated the "agreement," which states that the Pension Committee is the appropriate decision-maker on the question of disability benefits.

In June 2012, after plaintiff had persisted in his requests for the disability forms for 13 years, the company's Pension and Savings Committee decided to rule on his request for "disability retirement" even though he had never filed an application for benefits. By letter dated May 21, 2013, plaintiff was advised he was not eligible for disability retirement. (Doc. 3 at 4; Doc. 8, Ex. A). The letter advised plaintiff of his right to file a federal lawsuit if he disagreed with the decision. Plaintiff states this advice was contrary to his understanding under the "agreement" that he could avail himself of a two-step appeal process before filing in federal court. As relief, plaintiff seeks total disability retirement pay, four weeks of vacation pay, and reimbursement for insurance payments made by plaintiff, with "[t]hese amounts to be compounded at 5%." (Doc. 3 at 7). Plaintiff also seeks damages "for having to live under the

3

poverty line because of non-payment of [his] earned total disability" and "full retirement at 35 years of seniority at today's retirement rate." *Id.*

The "agreement" that the complaint references and upon which plaintiff bases his claims is the Emery Pension Plan, an employee benefit plan established and/or maintained by plaintiff's employer for the purpose of providing disability retirement benefits to participants. (Doc. 8, Ex. B). The Emery Pension Plan is a "pension plan" under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(2) (Doc. 8, Ex. B at 1-4),[3] and is therefore governed by ERISA. The Plan provides in relevant part that "[a]n Employee shall be deemed totally and permanently disabled . . . and shall be retired if he has been totally disabled by bodily injury or disease to such an extent as to render it impossible for him to engage in or perform any occupation in the Company's operation, or to follow a substantially gainful occupation, and after total disability shall have continued for a period of six (6) consecutive months and in the opinion of a qualified physician is presumed to be a permanent total disability case." (Doc. 8, Ex. B at 22).

---

[3] Under ERISA, a "pension plan" is defined as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program--
>
> **(i)** provides retirement income to employees, or
>
> **(ii)** results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002. The Emery Pension Plan meets these statutory requirements. (Doc. 8, Ex. B at 13-14).

**III. Defendant's motion to dismiss should be granted.**

    **A. Plaintiff's state law claims are preempted by ERISA.**

        To the extent plaintiff's complaint alleges a state law breach of contract claim based on the allegation that BASF breached the "agreement" to provide him disability retirement benefits, this claim is preempted by ERISA. Section 1132 allows anyone who qualifies as a "participant or beneficiary" of an employee benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA's express preemption provision, 29 U.S.C. § 1144(a), "preempts state laws insofar as they 'relate to any employee benefit plan'" covered by ERISA. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 943 (6th Cir. 1994) (quoting 29 U.S.C. § 1144(a)). Where the plaintiff in essence seeks to recover benefits allegedly due under an ERISA plan by alleging a state law claim, that claim is preempted by ERISA. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (internal citations omitted). A state law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). In other words, if the defendant has no independent legal duty aside from ERISA to provide benefits, the state law cause of action is pre-empted by ERISA. *Id.* at 210.

        Here, plaintiff seeks to recover disability retirement benefits under the Emery Pension Plan, an ERISA plan, and he does not allege the violation of any legal duty independent of ERISA. Therefore, his state law breach of contract claim is preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (finding breach of contract claim preempted because

5

in effect it was a claim for benefits under an ERISA plan); *Cromwell,* 944 F.2d at 1276 (holding state-law claims of promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith based on denial of benefits "are at the very heart of issues within the scope of ERISA's exclusive regulation"). In addition, to the extent plaintiff seeks remedies beyond those authorized by ERISA (premiums, unpaid vacation, and damages for having to live in poverty), those claims are likewise preempted by ERISA. *Davila,* 542 U.S. at 215.

### B. Plaintiff's ERISA claim is barred by the statute of limitations.

Liberally construed, plaintiff's pro se complaint is brought under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover benefits due or to enforce rights under the terms of a pension plan. Defendant moves to dismiss the complaint on the ground that plaintiff failed to timely file this action within the applicable statute of limitations. Because ERISA does not provide a statute of limitations for benefit claims under Section 1132(a)(1)(B), courts must apply the most analogous state statute of limitations. *See Redmon v. Sud-Chemie Inc. Ret. Plan for Union Employees,* 547 F.3d 531, 534 (6th Cir. 2008); *Santino v. Provident Life & Acc. Ins. Co.,* 276 F.3d 772, 776 (6th Cir. 2001). In Ohio, the statute of limitations for an ERISA claim under 29 U.S.C. § 1132(a) for individual benefits is the statute of limitations applicable to breach of written contract claims, which is fifteen years. *See Meade v. Pension Appeals and Review Committee,* 966 F.2d 190, 194-95 (6th Cir. 1992); Ohio Rev. Code § 2305.06.[4]

Although state law provides the applicable statute of limitations, federal law governs the accrual of a claim for purposes of the statute of limitations. *Michigan United Food and Comm. Workers Unions and Drug and Mercantile Employees Joint Health and Welfare Fund v. Muir*

---

[4] Section 2305.06 was amended in 2012 to provide an eight-year statute of limitations for contract actions for causes of action accruing on or after June 28, 2012, the effective date of the amendment. Because plaintiff's cause of action accrued before the effective date of the amendment, the prior fifteen-year statute of limitations applies. *See* 2012 Ohio Laws File 135 (Sub. S.B. 224).

*Co., Inc.*, 992 F.2d 594, 598 (6th Cir. 1993). A cause of action under ERISA accrues "when a fiduciary gives a claimant clear and unequivocal repudiation of benefits." *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302 (6th Cir. 2006) (citing *Bennett v. Federated Mut. Ins. Co.*, 141 F.3d 837, 839 (8th Cir. 1998) (stating that "an ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed when there has been a clear repudiation by the fiduciary which is clear and made known to the beneficiary") (quotation and citation omitted); *Wilkins v. Hartford Life,* 299 F.3d 945, 949 (8th Cir. 2002) ("When an ERISA claim is governed by a state statute of limitations the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there was a repudiation by the fiduciary which is clear and made known to the beneficiary.") (quotation marks omitted)). "Under the 'clear repudiation rule,' the fiduciary's repudiation need not be formal. Rather, the repudiation alone provides notice to the claimant." *Redmon*, 547 F.3d at 538 (citing *Morrison,* 439 F.3d at 302). The statute of limitations begins to run when the claimant discovers, or in the exercise of due diligence should have discovered, the acts constituting the alleged violation. *See Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010); *Michigan United Food & Comm. Workers Union & Drug Employees*, 992 F.2d at 598. Thus, a cause of action will accrue when some action, other than a formal denial of benefits, clearly alerts or should alert the claimant that his entitlement to benefits has been repudiated. For example, the Sixth Circuit has determined that the cessation of monthly benefit payments to a widow constituted a clear repudiation of survivor benefits and put the claimant on notice of a denial of benefits even where there was no letter or other formal notification that survivor benefits had been denied. *Redmon*, 547 F.3d at 539. *See also Watkins v. JP Morgan Chase U.S. Benefits Exec.,* __F. App'x __, 2014 WL 2808141, at *2 (6th Cir. June 20, 2014) (cause of action accrued

when claimant elected to take lump sum payment in 1998, failed to receive such benefits, and failed to exercise due diligence by waiting over 8 years after requesting lump sum to inquire about benefits; lawsuit filed in 2010 was time-barred); *Miller v. Fortis,* 475 F.3d 516, 522-23 (3rd Cir. 2007) (clear repudiation found when claimant received monthly pension benefit payments in an amount that simple arithmetic would reveal constituted an underpayment, putting claimant on notice of underpayment) (cited with approval in *Watkins*); *Fallin v. Commonwealth Indus., Inc. Cash Balance Plan,* 521 F. Supp.2d 592, 597 (W.D. Ky. 2007) (collection of a lump sum payment of retirement benefits in smaller amount than plaintiff claimed was due and owing under an ERISA plan constituted clear repudiation) (cited with approval in *Watkins*); *Bolduc v. National Semiconductor Corp.*, 35 F. Supp.2d 106, 118-19 (D. Me. 1998) (claim accrued when claimant told he was not eligible for employment benefits because he was hired as an independent contractor; claim was clearly repudiated at time he was told he would not receive benefits, even though claimant did not submit a claim for employment benefits that was formally denied) . "The clear repudiation rule strikes a balance between ERISA's beneficiary-protective goals and the need for repose and, therefore, a rapid resolution of disputes once an actionable injury occurs." *Miller,* 475 F.3d at 522.

"Consistent with these policies, the clear repudiation rule preserves the core of the traditional discovery rule, namely, that it is a plaintiff's knowledge or ability to know of his or her injury that triggers the statute of limitations, not the plaintiff's knowledge that the injury violates his or her legal rights." *Keen v. Lockheed Martin Corp.,* 486 F. Supp.2d 481, 488 (E.D. Pa. 2007) (citations omitted). *See also Bolduc,* 35 F. Supp.2d at 120 (accrual of ERISA claim does not occur only when a plaintiff is aware of the legal theory upon which he may prevail). *Cf. Wright v. Heyne,* 349 F.3d 321, 330 (6th Cir. 2003) (plaintiff need not have actual knowledge

that facts establish a cognizable legal claim under ERISA in order to trigger the running of the statute of limitations); *Filer v. Polston*, 886 F. Supp.2d 790, 796 (S.D. Ohio 2012) (cause of action accrues as soon as the plaintiff knows or should have known of the actual injury, regardless of when the plaintiff learns that the conduct at issue constitutes actionable legal wrong) (and cases cited therein).

In this case, plaintiff received a clear repudiation of benefits in 1982 when he was told he would not be eligible to participate in, or receive benefits from, the Emery Pension Plan. Plaintiff alleges that following his injury in an automobile accident in 1982 and approval for Social Security Disability, he was verbally advised by the personnel director for Emery Industries that he was not eligible for disability benefits from the company. Plaintiff states he accepted this representation and, by his own admission, took no action for 17 years to determine the accuracy of the advice. It was not until 1999 that plaintiff first inquired of the company benefits manager about his eligibility for company disability benefits or the accuracy of the previous information he had received. Thus, plaintiff knew or at a minimum should have known of the injury forming the basis of his ERISA claim, *i.e.,* the denial of benefits, in 1982. Therefore, plaintiff's cause of action under ERISA accrued in 1982.

Because plaintiff's ERISA claim accrued in 1982, he had fifteen years under the statute of limitations, or until 1997, to bring his ERISA claim against the Plan administrator for a denial of benefits. Instead, plaintiff waited until 1999 – after the statute of limitations had already expired – to begin making inquiries about his potential eligibility for benefits. His complaint in this action, which was filed in 2013, was filed some 31 years after his cause of action accrued and 16 years too late. Plaintiff's complaint is therefore barred by the applicable statute of limitations.

Statutes of limitations "are not to be disregarded by courts out of a vague sympathy for particular litigants," *see Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ( per curium), and strict adherence to such limitations periods "is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). As explained by the Sixth Circuit in the context of a breach of fiduciary duty claim under Section 4113(2) of ERISA, 29 U.S.C. § 1113(2):

> Among the basic policies served by statutes of limitations is preventing plaintiffs from sleeping on their rights and prohibiting the prosecution of stale claims. . . . Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Making out the substantive elements of a claim for relief involves a process of pleading, discovery, and trial. The process of discovery and trial which results in the finding of ultimate facts for or against the plaintiff by the judge or jury is obviously more reliable if the witness or testimony in question is relatively fresh. Thus in the judgment of most legislatures and courts, *there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.*

*Wright,* 349 F.3d at 330 (quoting *Board of Regents of University of State of N.Y. v. Tomanio,* 446 U.S. 478, 487-88 (1980); *Johnson v. Railway Exp. Agency, Inc.,* 421 U.S. 454, 463-64 (1975)) (emphasis in the original) (internal quotations omitted). Delaying the accrual of plaintiff's cause of action until plaintiff finally took steps to learn of his rights would frustrate these policies. That plaintiff may not have known or appreciated that he had a legal claim under ERISA does not alter the fact that his cause of action accrued in 1982.

Nor can the Court conceive of a possible basis for equitable tolling of the statute of limitations in this case. Plaintiff has made no attempt to justify equitable tolling under the requisite factors: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the

10

defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 575 (6th Cir. 2010) (quoting *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Plaintiff has not exercised due diligence in pursuing his claim for benefits under the Emery Pension Plan. Plaintiff waited 17 years, two years after the statute of limitations had already expired, before he requested any plan documents and he has alleged no equitable circumstances justifying the inordinate delay in filing suit in this case. *See Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1024 (2014) (participant was not diligent in pursuing long-term disability benefits under ERISA and was not entitled to equitable tolling of contractual limitations period). Therefore, plaintiff should not be entitled to equitable tolling of the statute of limitations in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss be **GRANTED** and this case be **TERMINATED** on the Court's docket.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/6/14

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

THOMAS MCLAFFERTY,                                    Case No. 1:13-cv-779
    Plaintiff                                    Spiegel, J.
                                                    Litkovitz, M.J.

    v.

BASF CORPORATION,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Thomas McLafferty
12301 West Kennedy
California, KY 41007

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 5932

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540