UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS McLAFFERTY,             :      NO. 1:13-CV-00779
                               :
          Plaintiff,           :
                               :      **OPINION AND ORDER**
     v.                        :
                               :
BASF CORPORATION,              :
                               :
          Defendant.           :


     This matter is before the Court on the Magistrate Judge's

August 6, 2014 Report and Recommendation (doc. 18), Plaintiff's

Objections (docs. 23, 25), and Defendant's Response (doc. 24). For

the reasons indicated herein, the Court ADOPTS and AFFIRMS the

Magistrate Judge's Report and Recommendation, and GRANTS

Defendant's Motion to Dismiss.

**I.  Background**

     Plaintiff Thomas McLafferty was an employee of Emery

Industries, Inc., to which Defendant BASF Corporation is successor

in interest (doc. 18). Plaintiff worked from 1967 to 1982 at which

time he was injured in a car accident and prevented from working

(Id.). Plaintiff alleges that he was told by Emery's personnel

director in 1982 that he was not eligible for disability benefits

from the company, and that Plaintiff believed that to be correct

because he was not injured on the job (Id.).

     Plaintiff subsequently qualified for disability benefits

by the Social Security Administration, which he alleges were granted to the date of his accident (Id.).  After this, nothing in relation to any claim with regard to work-related disability insurance happened for seventeen years (Id.).

In 1999, Plaintiff alleges that he learned that he was eligible for total disability benefits (Id.).  He alleges he contacted the Company to request the relevant forms (Id.).  By letter of August 9, 1999, Jeffrey Young, the company's benefits manager, advised Plaintiff that Plaintiff was not eligible for benefits (Id.). Plaintiff did not agree to such ineligibility, and alleges that Young advised him by phone that Young would send Plaintiff the necessary forms (Id.).  The forms never arrived, and Plaintiff spent the next two years calling Mr. Young, without reaching Young (Id.).

By letter dated December 13, 2001, Defendant's retirement administrator Sheila Buljeta, advised Plaintiff that he was not eligible for benefits and to contact her if he had questions (Id.).  Plaintiff alleges he attempted to contact Buljeta numerous times without success (Id.).  He also alleges she promised him numerous times that she would send the necessary forms, but never did (Id.).

Seven years passed, and in 2008 Plaintiff contacted the "Labor Relations" department, which advised him to request copies of his personnel file from the company (Id.).  When the file arrived, Plaintiff found a 2001 memo within from Young to Buljeta

2

stating that Plaintiff "just will not go away," and that they should coordinate their responses to his almost daily contacts (Id.).   Plaintiff persisted in his requests for disability forms (Id.).

In June 2012, Defendant's Pension and Savings Committee decided to rule on his request for "disability retirement" even though he had never filed an application for benefits (Id.).  By letter of May 21, 2013, Plaintiff was advised once again that he was not entitled to benefits (Id.).   The letter further advised Plaintiff he could file a federal lawsuit if he disagreed with the decision (Id.).  Plaintiff subsequently filed the instant Complaint (Id.).

Defendant has filed a motion to dismiss the Complaint, which was fully briefed, and considered by the Magistrate Judge for a Report and Recommendation.   This matter is now ripe for the Court's consideration.

## II.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Defendant's motion to dismiss should be granted (doc. 18).  First, she found all of Plaintiff's claims preempted by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a) (Id.).   Next, she simply found Plaintiff's ERISA claim barred by the statute of limitations (Id.).  The Magistrate Judge found Ohio's fifteen year statute of limitations applicable, and opined that Plaintiff's

3

cause of action accrued in 1982, such that he had until 1997 to bring his ERISA claim (Id.).  She found that Plaintiff's Complaint, filed in 2013, was sixteen years late (Id.).

## III.  The Parties' Responses

Plaintiff responds that not all claims are preempted by ERISA, in particular claims for estoppel and prejudgment interest (doc. 23).  Plaintiff contends that he is entitled to a federal common law action for retirement pay because he has been away from work due to injury for 35 years, and his original agreement with Emery Industries, Inc., provided for such pay (Id.).

Plaintiff next contends that his ERISA claim is not barred by the statute of limitations because only a "fiduciary" can formally repudiate a benefits plan so as to trigger accrual of a cause of action (Id.).  In his case, Plaintiff argues, it was merely the personnel director, Dave Snider, and not the Pension Committee that is the fiduciary, that told him in 1982 he did not qualify for benefits (Id.).  As such, he contends, the statute of limitations was not triggered in 1982 (Id.).  He further contends that because misinformation he received caused him a definite injury, that is, not receiving benefits for many years, Defendant should be liable to him for such benefits (Id.).

Defendant contends that Plaintiff has not sufficiently pled facts so as to proceed under a claim for estoppel (doc. 24). Citing Sprague v. General Motors Corp., 133 F.3d 388 (6th Cir.

1998), Defendant contends estoppel can only be invoked in the context of an ambiguous plan (Id.).  Here, it contends, there is no ambiguity in the plan regarding Plaintiff's eligibility for plan benefits (Id.).  Even if the Court would find Plaintiff had pled sufficient ambiguity, Defendant contends he has not pled the elements of estoppel: 1) conduct or language amounting to a representation of material fact, 2) awareness of the true facts by the party to be estopped, 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended, 4) unawareness of the true facts by the party asserting the estoppel, and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation (Id. citing Bloemker v. Laborers' Local 265 Pension Fund, 605 F.3d 436 at 442-43 (6th Cir.  2010)).

Defendant next contends that Plaintiff's requested relief based on the theory of retirement benefits not accruing until he is 65 fails because his claim for disability benefits accrued in 1982 when he received a clear repudiation from a representative of the Company (Id.).  Moreover, Defendant argues, Plaintiff's claim was clearly repudiated, and a clear repudiation does not require a formal denial of benefits by a fiduciary (Id.).

Plaintiff filed, without leave of Court, what essentially amounts to a SurReply, which the Court has reviewed due to his

5

status as a <u>pro</u> <u>se</u> litigant (doc. 25).  Plaintiff reiterates his view that only a fiduciary can repudiate the plan, and there is no question the personnel supervisor was no fiduciary (<u>Id</u>.). Plaintiff contends the plan is extremely ambiguous as to his eligibility so the principles of estoppel can and should apply (<u>Id</u>.).   He indicates he "cannot say" whether the personnel supervisor who gave him misinformation "intended deception" (<u>Id</u>.). Plaintiff only "suspects" deception (<u>Id</u>.).   In the alternative, Plaintiff argues "a one line, off-handed statement of misinformation. . .during an informal 'call-in, still injured' phone call" does not constitute a clear repudiation (<u>Id</u>.).

## IV.  Discussion

The Court has reviewed the Plaintiff's written submissions carefully, and appreciates his careful and clear framing of his argument, as well as his respectful approach to the Court and Defendant.  There is no question that Plaintiff senses he was wronged, and that he should have been entitled to disability benefits under the Emery plan, since the time of his accident. Moreover, the Court sympathizes with Plaintiff's frustration in trying to get information over the years, only to be met with unanswered phone calls.  Unfortunately for Plaintiff, the record shows he received answers by mail that he simply did not want to accept.

The Court agrees with the Magistrate Judge's conclusion

that Plaintiff's claims fall under the scope of ERISA, and therefore his common law claims are subject to preemption.  In the context of a motion to dismiss, the Court scrutinizes the Complaint, and Plaintiff's Complaint does not establish a claim for estoppel, as even Plaintiff concedes he cannot accuse the personnel director intended to deceive him, which would mean he cannot say the personnel director was aware that he was providing misinformation.  Moreover, the true facts concerning plan eligibility are unambiguously stated in the plan, such that Plaintiff cannot allege he was unaware.

The bottom line here is that the Court finds the Magistrate Judge's conclusion correct that Plaintiff's cause of action is barred by the statute of limitations.  Despite Plaintiff's arguments, the case law authority shows that no formal repudiation by the fiduciary committee was required, and the word from Defendant's agent was adequate to put Plaintiff on notice that his claim for benefits was being rejected. As the Magistrate Judge noted, the clear repudiation rule does not require formal repudiation, but turns on the plaintiff's knowledge or ability to know of his injury.  Here the Court finds no question that Plaintiff knew or should have known as early as 1982 that under the terms of the plan, he needed to assert his rights to determine his eligibility for benefits.

Proper notice was provided to the Parties under Title 28

U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is correct. Accordingly, the Court ADOPTS and AFFIRMS the Report and Recommendation in all respects (doc. 18), GRANTS Defendant's Motion to Dismiss (doc. 8), and terminates this matter on the Court's docket. The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore the Court DENIES Plaintiff leave to appeal <u>in forma pauperis</u>. Plaintiff remains free to apply to proceed <u>in forma pauperis</u> in the Court of Appeals. <u>Callihan v. Schneider</u>, 178 F.3d 800, 803 (6th Cir. 1999).

SO ORDERED.

Dated: October 21, 2014            <u>s/S. Arthur Spiegel</u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge